UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FLOORING SYSTEMS, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:15-CV-1792 (CEJ) |
| BEAULIEU GROUP, LLC, | ) |
| Defendant/Third-Party Plaintiff, | ) |
| vs. | ) |
| CLAYCO, INC., and NEXT ARCHITECTURE, L.P., | ) |
| Third-Party Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of third-party defendant Next Architecture, L.P., to dismiss for lack of personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2), and for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). Third-party plaintiff Beaulieu Group, LLC,[1] has filed a response in opposition and the issues are fully briefed.

### I. Background

In 2014, plaintiff Flooring Systems, Inc., purchased 160,000 square feet of carpet tiles from defendant Beaulieu Group, LLC. The carpet tiles were installed in an office building in Pennsylvania owned by nonparty ANSYS. After installation, the carpet tiles began to curl and demonstrate dimensional instability. Plaintiff initiated this action in state court, asserting claims of breach of contract and breach of

---

[1] Also referred to by the parties as "Beaulieu of America" and "Bolyu."

express and implied warranties. Defendant removed the action to this court, asserting diversity of citizenship jurisdiction. Plaintiff is a Missouri corporation with its principal place of business in Missouri. Defendant is a Georgia limited liability corporation with its principal place of business in Georgia. Its members are not citizens of Missouri. Notice of Removal at ¶¶2-13 [Doc. #1].

On February 29, 2016, defendant filed a third-party complaint for indemnification and contribution against Clayco, Inc., the general contractor on the ANSYS project, and Next Architecture, LLP, the architect for the project. [Doc. #22]. Clayco is a Missouri corporation with its principal place of business in Missouri and Next Architecture is a Pennsylvania limited partnership with its principal place of business in Pennsylvania.[2] Defendant alleges that it informed plaintiff and the third-party defendants that it would not warrant the installation unless they took steps to properly prepare the subflooring. According to defendant, the parties installed the carpet without heeding its advice. Defendant argues that any liability it may have to plaintiff was caused, in whole or in part, or contributed to, by the culpable conduct and negligence of Clayco and Next Architecture. Next Architecture argues that there is no personal jurisdiction over it in Missouri because it is a Pennsylvania entity, acting under contract to ANSYS, a Pennsylvania corporation, to provide architecture services for a project located in Pennsylvania.

II. **Legal Standards**

---

[2]Defendant has not identified the citizenship of all members of Next Architecture, LLP, which is required to establish diversity jurisdiction. <u>Carden v. Arkoma Associates</u>, 494 U.S. 185, 195 (1990) (diversity jurisdiction in a suit by or against a limited partnership entity depends on the citizenship of all the members).

When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists. Fastpath, Inc. v. Arbela Techs. Corp., 760 F.3d 816, 820 (8th Cir. 2014) (citations omitted). To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a *prima facie* showing of personal jurisdiction. K–V Pharm. Co. v. J. Uriach & CIA, S.A., 648 F.3d 588, 591 (8th Cir. 2011). A plaintiff's *prima facie* showing "must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion." Id. at 592 (citation omitted). Where no hearing is held on the motion, the Court must view the evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor; however, the party seeking to establish the court's personal jurisdiction carries the burden of proof and that burden does not shift to the party challenging jurisdiction. Fastpath, Inc., 760 F.3d at 820 (citation omitted).

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in

3

support of his claim. Scheuer, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see id. at 563 (stating that the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in Twombly applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

#### A. Personal Jurisdiction

"Personal jurisdiction can be specific or general." Fastpath, Inc., 760 F.3d at 820 (citation omitted). In this case, defendant argues that Next Architecture is subject to specific jurisdiction in Missouri. Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state. Id. (citation omitted). "Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." Id. (quoting Dairy Farmers of America, Inc. v. Bassett & Walker Int'l, Inc., 702 F.3d 472, 475 (8th Cir. 2012)). To determine whether jurisdiction is established here, the Court must consider both whether Next Architecture's actions fall within the purview of Missouri's long-arm statute and whether the exercise of jurisdiction over Next Architecture by a Missouri court comports with due process requirements. See Myers v. Casino Queen, Inc., 689 F.3d 904, 909-10 (8th Cir. 2012) (holding that both long-arm and due process analyses are required under Missouri Supreme Court precedent).

4

### 1.     Missouri Long-Arm Statute

Missouri's long-arm statute authorizes personal jurisdiction over defendants who, *inter alia,* transact business, make a contract, or commit a tortious act within the state. Mo.Rev.Stat. § 506.500.1. In adopting the long-arm statute, the Missouri legislature "intended to provide for jurisdiction, within the specific categories enumerated in the statutes[,] to the full extent permitted by the due process clause." K–V Pharm. Co., 648 F.3d at 592 (quoting State ex rel. Metal Serv. Ctr. of Ga., Inc.v. Gaertner, 677 S.W.2d 325, 327 (Mo. 1984) (*en banc*)).

In support of its motion to dismiss, Next Architecture submits the declaration of its owner/principal, Daniel Delisio.  Delisio states that Next Architecture has not at any time owned or leased real property in Missouri, maintained offices or employees in Missouri, registered to do business in Missouri, had a designated agent for service of process in Missouri, had any directors, officers, or employees that reside in Missouri, maintained a mailing address, telephone or fax listing in Missouri, nor advertised, solicited, or transacted any business in Missouri.  Delisio also states that Next Architecture did not enter into a contract with either plaintiff or defendant. [Doc. #40-1].

In response, defendant submits three sets of emails exchanged between employees of Clayco and plaintiff in February 2015, after the carpet tiles were installed. The emails pertain to plaintiff's efforts to determine why the carpet tiles curled.[3] [Doc. ##43-1 through 43-3].  Next Architecture employees were among the individuals copied on these emails, but the emails do not refer to, solicit

---

[3]One set of emails is directed to scheduling a meeting of representatives from Clayco, defendant, plaintiff, and nonparty XL Adhesives at the ANSYS site; the other two emails address the results of laboratory testing of the carpet tiles.

5

information from, or request any action by Next Architecture employees. Defendant contends that the emails establish that Next Architecture transacted business, entered into a contract, and committed a tortious act in Missouri.

Missouri courts construe "transaction of any business" broadly. Dairy Farmers, 702 F.3d at 476. A person or firm transacts business by visiting Missouri or sending its product or advertising here. Id. A single transaction may confer jurisdiction, if that is the transaction that gives rise to the suit. Chromalloy Am. Corp. v. Elyria Foundry Co., 955 S.W.2d 1, 4 (Mo. 1997). The February 2015 emails do not establish that Next Architecture transacted business in Missouri. First, Next Architecture did not author any of the emails. More significantly, communications with Missouri-based entities by mail, telephone, fax or email alone do not amount to the transaction of business. Dairy Farmers, 702 F.3d at 476-77. There is no evidence that Next Architecture delivered any product to or received any product from Missouri. It did not advertise in Missouri and no employee ever entered the state. Id. Next Architecture did not transact business in Missouri within the meaning of the long-arm statute.

For purposes of the long-arm statute, a contract is made where acceptance occurs. Strobehn v. Mason, 397 S.W.3d 487, 498 (Mo. Ct. App. 2013). There is no basis presented here for finding that Next Architecture entered into a contract that was accepted in Missouri. Defendant does not allege the existence of such a contract in its third-party complaint. Furthermore, the only contract in the record to which Next Architecture is a party is the Consulting Services Agreement it entered into with ANSYS in Pennsylvania to perform services in Pennsylvania. Defendant argues that the February 2015 emails establish that plaintiff, Clayco, and Next

6

Architectures entered into a "carpet installation plan." Even if the Court assumes that such a plan exists and constitutes a contract for the purposes of the long-arm statute, there is no basis for finding that Next Architecture was a party to the plan or that it was "accepted" in Missouri.

"[E]xtraterritorial acts that produce consequences in the state" are subsumed under the tortious act section of the long-arm statute. Bryant v. Smith Interior Design Grp., Inc., 310 S.W.3d 227, 232 (Mo. 2010) (quoting Longshore v. Norville, 93 S.W.3d 746, 752 (Mo. Ct. App. 2002)). A party relying on a defendant's commission of a tort within this state to invoke long arm jurisdiction must make a prima facie showing of the validity of his claim. State *ex rel.* William Ranni Associates, Inc. v. Hartenbach, 742 S.W.2d 134, 139 (Mo. 1987).

Defendant argues that the emails establish that Next Architecture, acting with Clayco and plaintiff, committed a negligent act in Pennsylvania that caused injury to plaintiff in Missouri. Defendant's assertion that the emails constitute proof that Next Architecture was negligent is wholly speculative. Furthermore, Missouri's long-arm statute requires that the cause of action for which personal jurisdiction is sought arise from the doing of the enumerated act. Rafferty v. Rafferty, No. 4:15-CV-1543 CAS, 2016 WL 319593, at *5 (E.D. Mo. Jan. 27, 2016) (citing Mo.Rev.Stat. § 506.500.3) (rejecting argument that adulterous conduct in state of Missouri created long-arm jurisdiction over defendant when the tort claims did not arise from the affair). Here, no party has asserted a cause of action for negligence and defendant cannot rely on a non-existent tort claim to establish long-arm jurisdiction.

The Court concludes defendant has not made a *prima facie* showing that the requirements of Missouri's long-arm statute are satisfied.

### 2. Due Process

Due process requires that the defendant purposefully establish "minimum contacts" in the forum state such that asserting personal jurisdiction and maintaining the lawsuit against the defendant does not offend "traditional conceptions of fair play and substantial justice." K-V Pharm. Co. v. J. Uriach & CIA, S.A., 648 F.3d at 592 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 464, 474–477 (1985)). The defendant must have engaged in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Id. (citations omitted). This purposeful availment requirement is met where the "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Id. (citations omitted). Based on these principles, the Eighth Circuit has established five factors that must be considered in determining whether sufficient minimum contacts exist for personal jurisdiction:

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of [the forum state] in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." Although "the first three factors are primary factors, and the remaining two are secondary factors," we look at all of the factors and the totality of the circumstances in deciding whether personal jurisdiction exists.

Id. at 592-93 (alteration in original; citations omitted). Applying these factors, the Court concludes that Next Architecture's contacts with Missouri are not sufficient to establish personal jurisdiction.

### 3. Jurisdictional Discovery

Defendant argues that it should be allowed to take discovery on the issue personal jurisdiction. However, "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." <u>Dever v. Hentzen Coatings, Inc.</u>, 380 F.3d 1070, 1074 n. 1 (8th Cir. 2004) (citation omitted). Here, defendant's assertion that Next Architecture had sufficient contacts with Missouri to support personal jurisdiction is supported solely by speculation, and its request for discovery will be denied. <u>See</u> <u>Viasystems, Inc.</u>, 646 F.3d at 598 (affirming denial of jurisdictional discovery where plaintiff's assertion that discovery "would likely" reveal contacts was "entirely speculative").

Because defendant has failed to meet its burden to establish personal jurisdiction over third-party defendant Next Architecture, it is unnecessary to address the argument that the third-party complaint fails to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of third-party defendant Next Architecture, L.P., to dismiss for lack of personal jurisdiction [Doc. #39] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of May, 2016.