UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FLOORING SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-CV-1792 (CEJ) |
| ) | |
| BEAULIEU GROUP, LLC, ) | |
| ) | |
| Defendant/Third-Party ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CLAYCO, INC., ) | |
| ) | |
| Third-Party Defendant. ) | |
| ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of third-party defendant Clayco, Inc., to dismiss for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). Defendant and third-party plaintiff Beaulieu Group, LLC (defendant), has filed a response in opposition and the issues are fully briefed.

**I.   Allegations in the Complaint**

In 2014, plaintiff Flooring Systems, Inc., purchased 160,000 square feet of carpet tiles from defendant Beaulieu Group, LLC, which plaintiff installed in an office building in Pennsylvania. After installation, the carpet tiles began to curl and demonstrate dimensional instability. Plaintiff filed this action in state court, bringing claims for breach of contract, breach of express warranty, and breach of implied warranties of fitness for a particular purpose and merchantability under the Uniform Commercial Code. Defendant removed the action to this court, asserting diversity

of citizenship jurisdiction. On February 29, 2016, defendant filed a third-party complaint for indemnification and contribution against Clayco, Inc., the general contractor on the project.[1] [Doc. #22]. Defendant alleges that it informed plaintiff and Clayco that it would not warrant the installation unless they took steps to properly prepare the subflooring. According to defendant, the parties installed the carpet without heeding its advice. Defendant alleges that any curling and dimensional instability of the carpet tiles is due to the failure of plaintiff and Clayco to comply with its installation instructions.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed.R.Civ.P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Scheuer, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see id. at 563 (stating that the "no set of facts" language in Conley v.

---

[1] Defendant also named Next Architecture as a third-party defendant. The Court granted Next Architecture's motion to dismiss for lack of personal jurisdiction. [Doc. #58].

Gibson, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in Twombly applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

The parties agree that, under Missouri's choice-of-law rules, defendant's third-party claim is governed by the laws of Pennsylvania. See East Maine Baptist Church v. Union Planters Bank, N.A., 244 F.R.D. 538, 547 (E.D. Mo. 2007) (Missouri courts apply the "most significant relations" test). Three factors — the place of injury, the conduct causing the injury, and the center of the parties' relationship — favor Pennsylvania. The fourth factor — the residence or place of business of the parties — is neutral.[2] See id. (setting out four-factor test). The Court will examine defendant's indemnification and contribution claims under the substantive law of Pennsylvania.

#### A. Indemnification

Under Pennsylvania law, indemnity is available only (1) "where there is an express contract to indemnify," or (2) where the party seeking indemnity is vicariously or secondarily liable for the indemnitor's acts. Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 448 (3d Cir. 2000) (citing Richardson v. John F. Kennedy Mem'l Hosp., 838 F. Supp. 979, 989 (E.D. Pa. 1993)). "The right of indemnity . . . arises solely by explicit contractual agreement, or some other legal obligation between the parties which has been implicated because of a failure by the indemnitor to discover and correct a defect." Foulke v. Dugan, 212 F.R.D. 265,

---

[2] Defendant's place of business is Georgia and Clayco's place of business is Missouri.

3

270 (E.D. Pa. 2002). Where, as here, there is no express contract to indemnify, the party seeking indemnification must rely on common law indemnification. Bank v. City of Philadelphia, 991 F. Supp. 2d 523, 530 (E.D. Pa. 2014). Common law indemnification is appropriate when a defendant's liability "arises not out of its own conduct, but out of a relationship that legally compels the defendant to pay for the act or omission of a third party." Morris v. Lenihan, 192 F.R.D. 484, 489 (E.D. Pa. 2000). The following types of relationships support a claim for indemnification: an employer may secure indemnification from a negligent employee; a retailer has a right of indemnity against a negligent wholesaler or manufacturer; a property owner can recover from a contractor who failed to perform specified duties and thereby caused an injury to another; or a municipality with a duty to ensure that property owners maintain sidewalks can be indemnified by a property owner who failed to maintain a sidewalk that caused an injury to a passerby. Id. (citing Builders Supply Co. v. McCabe, 366 Pa. 322, 326, 77 A.2d 368, 370 (1951)).

A party whose own conduct subjects it to liability cannot obtain indemnification from another because:

> the common law right of indemnity is not a fault sharing mechanism between one who was predominantly responsible for an accident and one whose negligence was relatively minor. Rather, it is a fault shifting mechanism, operable only when a defendant who has been held liable to a plaintiff *solely by operation of law*, seeks to recover his loss from a defendant who was actually responsible for the accident which occasioned the loss.

Sirianni v. Nugent Bros., 506 A.2d 868, 871 (Pa. 1986) (emphasis added). If the party seeking indemnity had "*any* part in causing the injury," indemnity is not available. Twin City Fire Ins. Co. v. Pierce Leahy Co., No. CIV.A. 92-6370, 1993 WL 131333, at *2 (E.D. Pa. Apr. 23, 1993) (emphasis in original). If the party seeking

indemnification is actively negligent or is guilty of an independent act of negligence that also is the cause of the underlying injuries, indemnity is not available as a matter of law. Foulke, 212 F.R.D. at 270.

In this case, there are no facts alleged that would establish the requisite contractual or special relationship between defendant and Clayco, such that defendant is legally compelled to pay for Clayco's acts or omissions. Furthermore, plaintiff's claims of breach of contract, breach of warranty, and breach of implied warranties all require proof of wrong-doing by defendant. Thus, if plaintiff prevails on its claims, defendant is ineligible for indemnification. If, on the other hand, as defendant alleges, plaintiff's damages arise solely from the negligence of plaintiff and Clayco, defendant cannot be liable to plaintiff and there will be no need for indemnification.[3] Defendant's third-party claim for indemnification will be dismissed.

**B.     Contribution**

In Pennsylvania, issues of contribution are governed by statute. Moran for & on Behalf of Estate of Moran v. G. & W.H. Corson, Inc., 402 Pa. Super. 101, 122-23, 586 A.2d 416, 427 (Pa. Super. Ct. 1991) (citing 42 Pa. C.S. §§ 8321–8327). Contribution "is not a recovery for the tort, but rather it is the enforcement of an equitable duty to share liability for the wrong done by both." Agere Sys., Inc. v. Advanced Envtl. Tech. Corp., 552 F. Supp. 2d 515, 520 (E.D. Pa. 2008) (quoting Swartz v. Sunderland, 403 Pa. 222, 169 A.2d 289, 290 (Pa. 1961)). Contribution is a fault-sharing mechanism between two parties responsible for a harm. Kemper

---

[3] Indemnification is not available where there is concurrent or joint liability. "[I]n such a case, there is only a common liability and not a primary and secondary one, even though one may have been very much more negligent than the other." Walton v. Avco Corp., 610 A.2d 454, 460 (1992) (quoting Builders Supply Co, 77 A.2d at 371.

National P & C Companies v. Smith, 419 Pa. Super. 295, 615 A.2d 372, 375 (Pa. Super. Ct. 1992).

Under Pennsylvania law, a right to contribution arises only among joint tortfeasors. Id. at 309, 615 A.2d at 380. Joint tortfeasors are defined as "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." Foulke, 212 F.R.D. at 270 (quoting 42 Pa. C.S. § 8322). A joint tort is defined as "where two or more persons owe to another the same duty and by their common neglect such other is injured." Lasprogata v. Qualls, 263 Pa. Super. 174, 180, 397 A.2d 803, 806 (1979) (quoting Black's Law Dict. 973 (4th ed. 1968)). In order to be joint tortfeasors, "the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury." Id. at 179 n. 4. Two persons are not acting jointly for the purposes of committing a joint tort if the acts of the original wrongdoer and the joint tortfeasor "are severable as to time, neither having the opportunity to guard against the other's acts, and each breaching a different duty owed to the injured plaintiff." Id.

Pennsylvania law does not recognize a right to contribution for liability in breach of contract cases. Eastern Elec. Corp. of N.J. v. Rumsey Elec. Co., No. CIV.A. 08-5478, 2010 WL 1444584, at *2 (E.D. Pa. Apr. 8, 2010). The parties dispute whether plaintiff's claim for breach of implied warranty is properly considered a tort. Assuming for present purposes that the alleged breach can be considered a tort, the parties are nonetheless not joint tortfeasors. Defendant allegedly breached the duty to sell carpet tiles free of manufacturing defects, while third-party defendant Clayco allegedly breached its duty as general contractor to

6

ensure appropriate installation procedures. The alleged breaches occurred at different times, breached different duties owed to plaintiff, involve different facts, and give rise to different causes of action, and thus cannot support a claim for contribution.

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of third-party defendant Clayco, Inc., to dismiss the third-party complaint for failure to state a claim [Doc. #50] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of May, 2016.